## STATE

v.

## William IOVINO.

No. 87–512–C.A.

Supreme Court of Rhode Island.

March 7, 1989.

James E. O'Neil, Atty. Gen., Jeffrey J. Greer, Annie Goldberg,, Asst. Atty. Gen., for plaintiff.

Barbara Hurst, Asst. Public Defender, for defendant.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court on appeal from an order issued in the Kent County Superior Court denying defendant's pretrial motion to dismiss. The defendant, William Iovino, facing his second trial,[1] argues that his motion to dismiss a charge of second-degree murder by reckless and wanton killing, *State v. McGranahan*, 415 A.2d 1298 (R.I.1980), and by killing with malice aforethought, *State v. Fenik*, 45 R.I. 309, 121 A. 218 (1923),[2] should have been granted. He bases his arguments on the double jeopardy prohibitions in article I, section 7 of the Rhode Island Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. We disagree, and we affirm the decision of the Superior Court.

---

1. The defendant's appeal from his initial conviction was sustained in part and denied in part, the conviction was vacated, and the case was remanded to the Superior Court for a new trial. *State v. Iovino*, 524 A.2d 556 (R.I.1987).

2. The defendant does not challenge the state's right to retry him on the third means of second-degree murder recognized in Rhode Island, felony murder, *In re Leon*, 122 R.I. 548, 410 A.2d 121 (1980), but argues that it is the only theory not barred from retrial on the principle of double jeopardy.

While the facts of this case are fully established in our opinion in *State v. Iovino*, 524 A.2d 556, 557 (R.I.1987)(*Iovino I*), a brief review of its facts and travel are helpful in understanding the issues involved in this appeal.

On April 12, 1985, defendant Iovino was convicted of second-degree murder, G.L. 1956 (1981 Reenactment) § 11–23–1, and assault with intent to murder, G.L.1956 (1981 Reenactment) § 11–5–1, as amended by P.L.1981, ch. 76, § 1. The incident leading to the charges occurred on June 1, 1983. One man was killed and two others were injured when defendant indiscriminately fired approximately twenty rounds of ammunition into the West Warwick police station. On appeal from that conviction defendant raised two issues. First, defendant argued that the trial justice violated the bans on double jeopardy in both the United States and the Rhode Island Constitutions when he reinstated the charges of second-degree murder and assault with intent to murder one day after granting a judgment of acquittal on those charges. We denied defendant's appeal on that issue, finding that the vacation of the order granting defendant's motion for judgment of acquittal did not reintroduce charges that had been terminated in their entirety and removed from the jury's consideration, but rather restored existing charges previously reduced by the judgment of acquittal. *Iovino I*, 524 A.2d at 559 (comparing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 572, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642, 651 (1977)). Therefore, we held that the reconsideration of those charges neither inhibited defendant's presentation of evidence nor created a threat of multiple trials for the same offense. 524 A.2d at 560 (quoting *People v. District Court*, 663 P.2d 616, 621 (Colo.1983)). We further held that since neither the motion for judgment of acquittal nor the reconsideration of the charges was made known to the jury, neither action had any real effect on the continuity of the trial. 524 A.2d at 559. Consequently the corrective ruling was not barred by the prohibition of double jeopardy. *Id.* at 560. The defendant's second

issue, involving the trial court's refusal to suppress exculpatory statements obtained by the West Warwick police, in violation of the principles set forth in *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), was sustained. On that issue defendant was granted a new trial.

Prior to defendant's second trial, defense counsel moved to dismiss the charge of second-degree murder in regard to two of the three theories of second-degree murder recognized in this jurisdiction. The defendant argues that although the corrective ruling itself may not have violated the principles of double jeopardy, *Iovino I*, 524 A.2d at 560, the ruling was of a limited nature; it reinstated the charge of second-degree murder only on the theory of felony murder established in *In re Leon*, 122 R.I. 548, 410 A.2d 121 (1980). Therefore, defendant contends he may be retried for second-degree murder only on the theory of felony murder. It is his position that the other theories of second-degree murder—reckless and wanton killing, under *McGranahan*, and killing with malice aforethought, under *Fenik*—were never reinstated by the corrective order and remain barred by the trial justice's original judgment of acquittal. We do not agree.

It is our conclusion that the charge of second-degree murder was reinstated without limitation. Therefore, we hold that the state may properly proceed with its prosecution on all three theories of second-degree murder. This finding is based on a combination of factors that, in our opinion, show that the charge of murder in the second degree, from the time of the original judgment of acquittal to the time of the jury's verdict, was always considered in a generic sense, as a whole rather than as three separate and distinct theories.

First, we observe that the necessary elements of all three kinds of second-degree murder are arguably present in the facts of this case. The Rhode Island General Laws define murder as "[t]he unlawful killing of a human being with malice aforethought." Section 11–23–1. Second-degree murder is further defined as any killing of a human being, with malice aforethought, that is not

therein defined as first-degree murder. *Id.*[3] Our General Laws, however, have not altered the elements of the crime of murder from those established at common law. *State v. Pine*, 524 A.2d 1104, 1107 (R.I. 1987). Under the common law, Rhode Island has adopted three means by which the malice aforethought necessary to convict a defendant of second-degree murder can be established. They are momentary premeditation, where malice is established by showing the existence of defendant's premeditated intent to kill for a very brief time before the killing, *Fenik*, 45 R.I. at 315, 121 A. at 221; wanton recklessness, where malice and the intent to kill are established by a showing of defendant's "unjustified disregard for the possibility of death or great bodily harm and an extreme indifference to the sanctity of human life[,]" *McGranahan*, 415 A.2d at 1302; and felony murder, where defendant commits a homicide in the perpetration of an inherently dangerous felony not enumerated by statute as a first-degree-murder felony; *In re Leon*, 122 R.I. at 553, 410 A.2d at 124; neither malice nor intent to kill is a required element. *State v. Amazeen*, 526 A.2d 1268, 1271 (R.I.1987).

When viewing the evidence in the light most favorable to the state, the standard which we apply when reviewing a ruling on a motion for judgment of acquittal, we find that a driver who stops his automobile to fire twenty random shots into a police station occupied by people can arguably be said to have exhibited elements of any or all of the above theories sufficient to allow them all to be presented to the jury.[4] Consequently there was no reason for the trial justice not to have reinstated all three theories.

Next, contrary to defendant's assertions, our reading of the transcripts does not persuade us that the corrective ruling should be viewed as reinstating one theory of second-degree murder and not the others. The trial justice heard a wide variety of arguments regarding defendant's motion for judgment of acquittal, both at the time of the initial motion and at the time of the state's argument for reinstatement of the original charges. Any combination of these arguments might have affected his decision to reinstate the charges. The original order entered by the trial justice granted defendant's motion for judgment of acquittal in a general manner in regard to second-degree murder in its entirety. The language used by the trial justice in reversing that ruling was equally unspecific, containing no particular basis for his decision and silent concerning any limitation on the extent to which second-degree murder was reinstated. Furthermore, in explaining the change in charges to the jury, the trial justice simply stated that "[t]he First Count, rather than murder one, or murder first degree will be murder in the second degree."

In his order reinstating the charge of murder in the second-degree, the trial justice stated:

"The Court, recognizing the new parameters of the In Re: Leon case, as well as the other factors brought to its attention has reconsidered its previous ruling on a motion for Judgment of Acquittal; and in effect, I am reversing myself, to the extent that the motion[s] were motions for Judgment of Acquittal as to Count One, it is granted with respect to murder in the first degree. It is denied with respect to murder second degree.

---

3. First-degree murder is defined thus:
   "Every murder perpetrated by poison, lying in wait, or any other kind of wilful, deliberate, malicious and premeditated killing, or committed in the perpetration of, or attempt to perpetrate any arson or any violation of §§ 11–4–2, 11–4–3 or 11–4–4 of the general laws, rape, burglary or robbery, or while resisting arrest by, or under arrest of, any state trooper or policeman in the performance of his duty; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed is murder in the first degree." G.L.1956 (1981 Reenactment) § 11–23–1.

4. In fact our opinion in *Iovino I* specifically mentions that defendant's conviction of second-degree murder was supported by both *In re Leon*, and *State v. McGranahan*, 415 A.2d 1298 (R.I.1980). *Iovino I*, 524 A.2d at 558.

"So that, in effect, murder second degree is back in the case."

The defendant contends that this language clearly shows that the decision to reconsider the previous ruling was based solely on *In re Leon*, thereby limiting the reinstatement to the theory of felony murder. We do not find it so. In reinstating the charge of second-degree murder, the trial justice stated that his reconsideration was based on "the In Re: Leon case, *as well as other factors brought to its [the court's] attention."* (Emphasis added.) Furthermore, the trial justice stated that he had decided to further reduce the fourth count of defendant's information, "because of the factual situation reanalyzed." Although this language shows that the *In re Leon* felony-murder doctrine was one basis for the decision made by the trial justice, it also shows that there were other considerations and factual reanalyses beyond *In re Leon* that lead to his decision.

Our position is further supported by the fact that the trial justice also reinstated the charge of assault with intent to murder in count two. Generally both second-degree murder and assault with intent to murder require the prosecution to establish defendant's specific intent to kill. *State v. Amazeen*, 526 A.2d at 1271; *State v. Fournier*, 448 A.2d 1230, 1233 (R.I.1982). However, the theory of felony murder, regardless of degree, does not require such proof of intent to kill. 526 A.2d at 1271. Since the trial justice must have reconsidered defendant's intent to kill separately and apart from any reconsideration of second-degree felony murder, it becomes obvious that something more than *In re Leon* persuaded him to issue his corrective order.

In our opinion, this corrective order operated to reinstate a general charge of murder in the second degree by first reversing the previous ruling in its entirety and then regranting the motion for judgment of acquittal in regard to first-degree murder while denying the motion in regard to second-degree murder. In effect the trial justice reinstated the charge of second-degree murder just as if defendant's motion had never been granted. For these reasons we find defendant's argument, that the charge of second-degree murder was reinstated only as to the *In re Leon* theory of felony murder, to be without merit.

We also believe that the final instructions given to the jury and the verdict rendered support our conclusion. In his instructions the trial justice gave an elaborate definition of "the malice that is contained in the charge of murder in the second degree, and also with respect to the charge of assault with intent to murder." After this extended discussion of malice the trial justice also defined felony murder, saying that "an intent to kill is not an essential element. The elements are simply the intentional commission of an inherently dangerous felony and the killing of a human being in the course thereof." Since neither malice nor intent to kill is an element of felony murder, we find that the trial justice's reference to malice as an element of second-degree murder must have been intended as an instruction on one of the other theories of second-degree murder, both of which require a showing of legal malice. Therefore, we are of the opinion that the jury was given all the legal and factual information it needed to decide defendant's case on any theory of second-degree murder. The jury's general verdict, finding the defendant guilty of murder in the second degree, does not support the argument that only one theory of second-degree murder was singled out for the jury to consider.

In conclusion, we find no reason to believe that the charge of murder in the second degree was reinstated other than in its full sense. The evidence could have supported a guilty verdict on any theory. Both the original judgment of acquittal and its corrective order were nonspecific in their treatment of second-degree murder. The jury's instructions and verdict offer little clue in regard to the ultimate basis for its decision. Under these circumstances, we find that neither article I, section 7, of the Rhode Island Constitution nor the Fifth and Fourteenth Amendments of the United States Constitution provide a double jeopardy bar that prevents the state from

proceeding on all three available theories of murder in the second degree.

The defendant's appeal is denied and dismissed. The order of the Superior Court is affirmed, and the papers of the case are remanded to the Superior Court for trial.